UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


William Phillips


   v.                                           Civil No. 19-cv-99-SM

Guardian Life Insurance Co.;
Delondria Terry;
N.H. Insurance Dept.;
John Elias, Commissioner,
N.H. Insurance Dept.;
Barbara Anderson
Karen McCallister


**REPORT AND RECOMMENDATION**


    Pro se plaintiff William Phillips filed this action in forma pauperis, asserting claims against the New Hampshire Insurance Department ("NHID"), Guardian Life Insurance Co. ("Guardian"), and individuals associated with each entity in connection with a long-term disability policy Guardian issued to Phillips. The complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints, like Phillips's, which are filed in forma pauperis. See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Phillips alleges that he has a long-term disability insurance policy with Guardian and that in approximately January 2019, Guardian, acting through its employee, defendant Terry, shared private information with Phillips's former employer that resulted in an attachment to secure disputed child support

2

payments.  Phillips further alleges that NHID ignored his complaints about Guardian's actions.

## Discussion

Phillips contends that Guardian violated the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA").  He also claims that Guardian and NHID have discriminated against him, in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

### I.  HIPAA

Phillips's asserts that Guardian and Terry violated HIPAA by sharing private information about him and by placing harassing phone calls to him and to his family physician, allegedly in retaliation for complaining to authorities[1] about Guardian's actions.  HIPAA, however, does not provide a private right of action, and thus Phillips cannot state a claim for relief under that statute.  Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009).  Only the Secretary of Health and Human Services can enforce its provisions.  See 42 U.S.C. § 1320d-5.

---

[1] The Complaint states that Phillips complained to "the Office of Civil Rights," but does identify whether the complaint was lodged with state or federal authorities.

The district judge should therefore dismiss Phillips's claims to the extent they are premised on HIPAA violations.

**II. ADA and Rehabilitation Act**

Phillips, identifying himself as a disabled person, asserts that Guardian, NHID, and their respective personnel violated his rights under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 by not resolving his complaints and harassing him.

Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

To state a claim for a violation of Title II, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006) (citation omitted). Phillips makes no specific factual allegations suggesting that anyone at Guardian or NHID discriminated against him based on

4

his disability, denied him any benefit, service, program, or activity based on his disability, or that he requested and was refused reasonable accommodation of his disability. Accordingly, Phillips's claims should be dismissed to the extent they are asserted as violations of his rights under the ADA.

Phillips also claims that the defendants' actions violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Section 504(a) provides that no otherwise qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" receiving federal funds.  In addition to lacking any linkage between the defendants' actions and his disability, Phillips's complaint lacks any indicia of any such "program or activity."  Therefore, Phillips's claims asserted under the Rehabilitation act should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal

the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 18, 2019

cc:  All pro se parties and counsel